989 F.2d 499
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joe Lucious FITZGERALD, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-5964.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1993.
 
 Before KENNEDY, NORRIS and SUHRHENRICH, Circuit Judges.
 
 ORDER
 
 1
 Joe Lucious Fitzgerald, Jr., is a pro se federal prisoner who appeals a district court judgment denying his motion to vacate his sentence filed under 28 U.S.C. § 2255. His case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On November 9, 1990, Fitzgerald pled guilty to one count of possessing a firearm during a drug transaction. Cf. 18 U.S.C. § 924(c). The district court sentenced him to five years imprisonment and required him to pay a special assessment of $50. The court subsequently added a term of two years supervised release to the sentence. Fitzgerald raised three claims in his motion to vacate: 1) that his sentencing violated due process; 2) that his guilty plea was invalid; and 3) that his trial counsel was ineffective. The district court denied the motion on April 29, 1992. It is from this judgment that Fitzgerald now appeals. His brief contains a request for counsel.
 
 
 3
 Fitzgerald has not argued on appeal that due process was violated because he was sentenced without a presentence report. He has, therefore, abandoned that claim for purposes of appellate review. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 4
 Fitzgerald does argue that the prosecutor's promise to recommend a concurrent sentence in his state drug trafficking case invalidated his federal plea because concurrent sentences are not permitted under 18 U.S.C. § 924(c)(2). However, he has not demonstrated cause or prejudice that would excuse his failure to raise this claim in a direct appeal. See United States v. Frady, 456 U.S. 152, 167 (1982). The prohibition against concurrent sentencing in § 924(c)(2) is not applicable because Fitzgerald's federal sentence preceded any sentence that he might have received in state court. The federal firearm statutes expressly disclaim any intent to preempt the states' discretion in applying their own sentencing laws. 18 U.S.C. § 927.
 
 
 5
 To establish ineffective assistance of counsel, Fitzgerald must show that counsel's performance was deficient and that he probably would not have pled guilty but for counsel's errors. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). His allegations fail the performance prong of this test. First, counsel correctly appraised the validity of the plea agreement. Second, a more extensive hearing was not needed, as Fitzgerald established a factual basis for his plea by agreeing with the testimony of an investigating officer. Finally, Fitzgerald acquiesced in counsel's waiver of the presentence report on the record.
 
 
 6
 Fitzgerald also argues that his federal conviction would have been a misdemeanor under state law and that he was not present when the court granted the government's motion to correct his sentence. These issues will not be considered on appeal because they were not effectively presented to the district court. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 7
 Accordingly, Fitzgerald's request for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.